LaPrince BLACK, Plaintiff–Appellant

v.

Attorney Dan COX;  District Attorney
Ricky Sykes;  Judge Gene Knize,
Defendants–Appellees.

No. 11–10769
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 2, 2012.

LaPrince Black, Bonham, TX, pro se.

Before STEWART, OWEN, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

LaPrince Black, Texas prisoner
# 1735050, moves for leave to proceed in
forma pauperis (IFP) in an appeal from
the district court's dismissal of his 42
U.S.C. § 1983 action for failure to state a
claim upon which relief can be granted.
Black's IFP motion is a challenge to the
district court's certification that his appeal
is not taken in good faith. *See Baugh v.
Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

Black argues that the district court
erred in dismissing his civil rights claims,
which concern his conviction and sentence
on felony theft charges.  He asserts that
his attorney, Dan Cox, acted under color of
state law and provided ineffective assis-
tance of counsel.  He contends that the
prosecutor, Ricky Sykes, does not enjoy

absolute immunity.  Black also claims that
the trial judge, Gene Knize, is not immune
from suit.

These contentions are without merit.
"[P]rivate attorneys, even court-appointed
attorneys, are not official state actors, and
generally are not subject to suit under
section 1983." *Mills v. Criminal Dist.
Court No. 3,* 837 F.2d 677, 679 (5th Cir.
1988).  "[A] prosecutor is absolutely im-
mune when [he] acts in [his] role as an
advocate for the state by initiating and
pursuing prosecution." *Beck v. Tex. State
Bd. of Dental Exam'rs,* 204 F.3d 629, 637
(5th Cir.2000).  This immunity extends to
a "prosecutor's conduct before a grand
jury." *Burns v. Reed,* 500 U.S. 478, 490,
111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).
Only in the clear absence of jurisdiction
will "[a] judge ... be deprived of immuni-
ty because the action he took was in error,
was done maliciously, or was in excess of
his authority." *Stump v. Sparkman,* 435
U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d
331 (1978).  The proper issue "is not
whether the judge actually had jurisdic-
tion, or even whether the court exceeded
its jurisdictional authority, but whether the
challenged actions were obviously taken
outside the scope of the judge's power."
*Davis v. Bayless,* 70 F.3d 367, 373 (5th
Cir.1995).

Black's appeal is without arguable merit
and is frivolous. *See Howard v. King,* 707
F.2d 215, 219–20 (5th Cir.1983).  The IFP
motion is denied, and the appeal is dis-
missed. *See Baugh,* 117 F.3d at 202; 5TH
CIR. R. 42.2.

Black is cautioned that the dismissal of
this appeal as frivolous and the district
court's dismissal of the complaint both
count as strikes under 28 U.S.C. § 1915(g).

---

See *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.